centum. "It is the income which constitutes the respondent's legacy." Matter of Stanfield, 135 N. Y. 292, 293, 294, 31 N. E. 1013, 1014.

As to legacies of this kind, interest is payable from the testator's death, or, as in this case, the prescribed rate of income is to be paid from that time, even though the condition of the estate was such that the payment was impracticable or impossible.

The only distinctive feature of this case is that, without any assigned fault on the part of the executor, there has been no income earned, and the disputed legacy, if payable, must be taken from the principal of the general estate. The cases which approach most nearly to the present question have been concerned with estates in which there was some increase which could be applied to the preferred legacy and resort to the residuary principal was not required. In some of them it has been said, without argument and without any direct relation to the question involved, that, if no income had accrued, none could be paid. In one case, where no income had accrued and the executor had failed for two years to convert the estate for the payment of a legacy in trust, the allowance of interest was regarded as a penalty upon the executor for his default. Matter of Travis, 85 Hun, 420, 32 N. Y. Supp. 887.

The only source from which the beneficiary of the trust can be awarded relief is the principal of the general estate, and then only upon the theory that in some form the equivalent of 5 per centum per annum on $5,500 was separated from the general assets, and was given to the beneficiary. All that the general legatees took was the residue after the trust provision should be fully satisfied, and it is for them, and not the primary legatee, to enforce complaint if the executor has improperly held the estate in a barren condition. The theory above stated must prevail if, as was said in Matter of Stanfield, supra, "it is the income which constitutes the  *  *  *  legacy."

This must result notwithstanding the obiter suggestions that there can be no payment of income, unless income has been earned.

Decreed accordingly.

---

(79 Misc. Rep. 180.)

### In re FRY.

### In re NASSAU TRUST CO. OF CITY OF BROOKLYN.

(Surrogate's Court, Kings County. January, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 102*)—ACCOUNTING—INTEREST.
    Where executors have the advantage of a note given by a corporation carrying interest at intervals of six months, this note, though taken by the executors as such, must be regarded as their own individually under a finding charging them with the value thereof.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 420; Dec. Dig. § 102.*]

2. EXECUTORS AND ADMINISTRATORS (§ 104*)—ACCOUNTING—INTEREST.
    Where a surviving executor had possession of the bonds of a certain corporation, and accounts for interest thereon up to a certain date, and the corporation paid the interest on the bonds for six years more, and thereafter the bonds were sold to a reorganization committee, a charge of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

six years' interest is proper, whether the executor received it or by ordinary diligence could have received it.

[Ed. Note.—For other cases, see Executors and Administrators; Cent. Dig. §§ 423–432; Dec. Dig. § 104.*]

3. EXECUTORS AND ADMINISTRATORS (§ 464*)—ACCOUNTING—DECEASED EXECUTOR.

Items with which executors were found chargeable must be incorporated in a restatement of the account of the surviving executor, but in an accounting by the executor of a deceased executor the statement must present the liability of such executor at his death for the sums which would have been chargeable to him had he personally accounted.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1989; Dec. Dig. § 464.*]

In the matter of the settlement of the account of John C. Fry, surviving executor of John C. Fry, and of the account of the Nassau Trust Company, of City of Brooklyn, executor of William H. Fry, deceased, executor of John C. Fry. Decree rendered.

Paul Bonynge, of New York City, for John C. Fry, accountant.

Charles O. Grim, of Brooklyn, for Nassau Trust Company, accountant.

Coombs & Wilson, of Brooklyn (C. W. Wilson, Jr., of Brooklyn, of counsel), for Philip J. Fry, individually and as trustee of the estate of George W. Fry, deceased.

Hart & Tompkins, of New York City (Millard F. Tompkins, of New York City, of counsel), for Elizabeth F. Hurlimann, Dorothy F. Duggan, and Edward H. Fry.

William Williams, of New York City (John G. Jackson, of New York City, of counsel), for Charles Billett, a creditor.

KETCHAM, S. The executors must be charged with $24,668.75 on account of the 55 bonds of the Turkish Bath Company, under such findings as to their dealings with the securities mentioned as will accord with the evidence.

[1] Interest on the sum last named should be charged at the rate of 6 per cent. with annual rests. The case in its general features justifies the extreme interest penalty; but, penalty or none, the accountants have the advantage of the note taken for $24,268.75, which carries interest payable at intervals of six months. This, though taken by the executors as such, must be regarded as their own individually under a finding charging them with the value of the bonds, and upon the proofs neither the surviving executor nor the representative of the deceased executor can ask that the interest to be paid to the beneficiaries be less than that which thus became payable to them.

It is not conceivable that the disposition by the executors of a portion of the estate, if unlawful, can be approved upon this accounting at the election of a portion of the persons interested. Any beneficiary may personally commute his rights in any manner agreeable to the accountants and himself, but he cannot require any adjustment of the general account which would vary from the legal effect of the evidence or the just demands of creditors or other beneficiaries.

[2] Both executors became chargeable with six years' interest upon the club bonds. The surviving executor had possession of these bonds. He accounts for interest thereon up to July, 1902, and the club paid interest on the bond issue generally up to July 8, 1908. Thereafter, in the lifetime of the executor now deceased, the bonds were sold to a reorganization committee of the club. The charge of six years' interest is, therefore, necessary, whether the executors received it or with ordinary diligence should have received it.

[3] The items with which the executors are found chargeable must be incorporated in a restatement of the account of the surviving executor, but in the accounting of the executor of the deceased executor the finding and decree in these respects must be confined to such statement and direction as will present the liability of the deceased executor at his death for the sums which would have been chargeable to him if he had accounted in his own person. The account of the executor of the deceased executor so far as it affects the accountant personally must be approved.

Decree should be submitted in each proceeding in accordance with these views.

Decreed accordingly.